THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY J. BROADBENT, Appellant. [666 NYS2d 534] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Genesee County Court for further proceedings in accordance with the following Memorandum: On September 23, 1996, defendant pleaded guilty to attempted robbery in the second degree and was sentenced on November 4, 1996 to an indeterminate term of incarceration of 1 to 3 years. On September 27, 1996, defendant was charged with burglary in the second degree. On November 12, 1996, defendant waived indictment on the burglary charge and pleaded guilty under a superior court information to attempted burglary in the second degree. The transcript of the sentencing proceeding indicates that County Court believed that, pursuant to Penal Law § 70.25 (2-b), the sentence for attempted burglary had to run consecutive to the sentence previously imposed for attempted robbery. Consequently, the court sentenced defendant to an indeterminate term of incarceration of 2½ to 5 years, to run consecutive to the previously imposed sentence.

Pursuant to Penal Law § 70.25 (2-b), a court has limited discretion to direct concurrent sentences "[w]hen a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge". Because the court erroneously believed that it lacked that discretion, we vacate the sentence and remit the matter to

Genesee County Court for resentencing. (Appeal from Judgment of Genesee County Court, Griffith, J.—Attempted Burglary, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.